UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 26-cv-80531-WM

LARRY KLAYMAN,

      Plaintiff,

v.

REFEREE J. LEE MARSH, *et al.*,

      Defendants.

_____/

**FLORIDA BAR DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT WITH PREJUDICE**

Defendants The Florida Bar, "Florida Office of Bar Counsel" (i.e., The Florida Bar, but as styled by Plaintiff), Patricia Ann Toro Savitz, and Shanee Hinson ("the Florida Bar Defendants") move to dismiss Plaintiff's Amended Complaint (ECF 13) with prejudice as to them pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). Plaintiff's claims against the Florida Bar Defendants are barred by the doctrine of absolute immunity from liability in the performance of the Bar's disciplinary responsibilities, by the Eleventh Amendment, and by the fact that they lack subject matter jurisdiction, since Plaintiff can state no claim supporting federal court review of The Florida Bar's conduct of attorney disciplinary matters.

## REQUEST FOR JUDICIAL NOTICE

**Exhibit A**          Docket, *Larry Klayman v. J. Lee Marsh,* et al.*,* No. 26-cv-104 (N.D. Fla.) (508-page Complaint not attached hereto, but judicial notice is requested of the docket and all docketed items, two of which are also provided below for the Court's ready reference)

   **Exhibit A-1**: Plaintiff's Notice to the Court, filed May 7, 2026

   **Exhibit A-2**: Order Closing File (noting dismissal without prejudice)

**Exhibit B**          Docket, *Larry Klayman v. J. Lee Marsh,* et al.*,* No. 26-cv-80219 (S.D. Fla.) (205-page Complaint not attached hereto, but judicial notice is requested of the docket and all docketed items, one of which is also provided below for the Court's ready reference)

   **Exhibit B-1**: Order Accepting Magistrate Judge's Report and Recommendation and Closing Case (noting dismissal without prejudice)

The Court may and should take judicial notice of the court dockets, filings, and Orders set forth above.  Fed. R. Evid. 201(c) ("The court:...(2) must take judicial notice if a party requests it and the court is supplied with the necessary information."); *see Mangiafico v. Blumenthal,* 471 F.3d 391, 398 (2d Cir. 2006) ("docket sheets are public records of which the court c[an] take judicial notice."); *Manley v. Utzinger,* 10 Civ. 2210, 2011 WL 2947008 at *1 n. 1 (S.D.N.Y. July 21, 2011) ("The Court may take judicial notice of public records in deciding a motion to dismiss."); *Ferrari v. Cty. of Suffolk,* 790 F.Supp.2d 34, 38 n. 4 (E.D.N.Y.2011)

2

("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case sub judice.").

## INTRODUCTION

The Amended Complaint shows unequivocally that Plaintiff, a Florida Bar-licensed attorney, seeks to have the Court involve itself in his ongoing Bar disciplinary proceedings. Specifically, Plaintiff challenges the level of process due and afforded to him in those proceedings in paragraph 22 of the Complaint:

> 22. This case involves the unconstitutional deprivation of Mr. Klayman's due process and equal protection rights and the selective First and Fifth Amendment viewpoint discrimination of the Defendants with regard to an attorney reciprocal discipline proceeding styled *The Florida Bar v. Klayman*, SC23-1219 ("the Reciprocal Proceeding").

And in paragraph 70, Plaintiff objects to reciprocal discipline (Florida Bar disciplinary proceedings that emanate from other state disciplinary proceedings) being brought against him:

> 70.     Based on this uncontroverted fact alone, this reciprocal discipline proceeding should never have been brought under both the doctrines of statute of limitations and laches. Fla. Bar Rule 3-7.16(a)(1); *Fla. Bar v. Phoenix*, 311 So. 3d 825, 831 (Fla. 2021). This is because at the time that these complaints were filed, none of these jurisdictions pursued disciplinary proceedings against Mr. Klayman, meaning that they must have logically at that time determined that there was no probable cause, much less clear and convincing evidence, to pursue any disciplinary action against Mr. Klayman.

In paragraph 96, Plaintiff objects to what he deems a "meritless" complaint against him and supposed false statements:

> 96.     Defendants Hinson and Savitz then initiated a meritless Petition for Contempt and Order to Show Cause, outrageously seeking Mr. Klayman's disbarment for an alleged failure to file a Rule 3-5.1 affidavit in the Sataki Matter (the "Contempt Petition and OSC"), where they made numerous false and misleading statements, including but not limited to that, outrageously, Mr. Klayman did not have the right to make *pro se* filings because he had been suspended from the practice of law.

Similarly, in paragraph 105, Plaintiff second-guesses the Florida Supreme Court's review of his disciplinary proceeding:

> 105.     Despite clearly recognizing the numerous issues, the Florida Supreme Court Justices then chose to ignore them, in addition to having ignored their oath of office as Justices and abdicated their duties to review this matter by issuing the November 6, 2025 Suspension Order containing no record cites and simply "rubber stamping" what was submitted to it by Referee Marsh. It is clear that none of the Justices ever reviewed the actual record.

4

And Plaintiff expresses his incredulity that his "meticulous[]" attack on his "Suspension Order"—the November 6, 2025 Florida Supreme Court Order that suspended his Florida Bar license—did not carry the day:

> 106.    Mr. Klayman moved for rehearing, meticulously pointing out the huge number of legal and factual errors contained in the Suspension Order containing zero (0) record cites, yet on January 23, 2026, the Florida Supreme Court Justices cavalierly denied this motion with zero legal or factual reasoning, showing that no one actually reviewed the record prior to issuing these order. Exhibit B-1; *Motion for Rehearing*, incorporated herein by reference in whole.

From these frivolous allegations, Plaintiff concocts numerous counts as spins of violation of due process, equal protection, and free speech rights.  And in Plaintiff's prayer for relief, he confirms that what he seeks is voiding of the Suspension Order (along with damages).  ECF 1 at 61.

Each claim against the Florida Bar Defendants is directly related to their duties, such that each claim falls squarely within the scope of the Florida Bar Defendants' absolute immunity, discussed below.

The Florida Bar Defendants note that Plaintiff's Amended Complaint could also be challenged on shotgun-pleading grounds.  But they do not move to dismiss on those grounds, since repeat amended pleadings would only assist Plaintiff in his effort to broadening the shotgun pleading's blast radius to achieve his desired effect of functionally defeating immunity and harassing The Florida Bar.

Instead, the Florida Bar Defendants are able to at least understand the nature of Plaintiff's claims in spite of the shotgun pleading, and move to dismiss on grounds of immunity.  Since the heart of the Amended Complaint seeks federal court review of state disciplinary proceedings, the Amended Complaint is clear enough for the Court to ascertain that amendment would be futile.  *See, e.g., O'Halloran v. First Union Nat'l Bank of Fla.,* 350 F.3d 1197, 1206 (11th Cir. 2003) (it is appropriate to dismiss a complaint without leave to amend when it is apparent that amendment would be futile).

This is especially true where, as here, this is Plaintiff's fourth attempt to bring these claims.  First, he filed a substantially similar lawsuit earlier in 2026 in the Northern District of Florida (see Exhibit A).  Plaintiff dismissed it, declaring that to him "it ha[d] become apparent that the [Judge] and [Magistrate] will not allow this case to proceed pursuant to Mr. Klayman's due process rights."  Exhibit A-1 at 1. Declaring himself "not an ordinary pro se plaintiff," Mr. Klayman declared that "this action will be filed in an appropriate court with jurisdiction which will allow him his due process and other constitutional rights."  *Id*. at 2.

Second, Plaintiff then filed substantially the same claim in the Southern District of Florida.  But he must not have liked that case as well, as that case was dismissed after Plaintiff failed to pay the filing fee.  *See* Exhibits B and B-1.

The Complaint (ECF 1) in the instant case was Plaintiff's third attempt at forum shopping.  The Amended Complaint (ECF 13) is Plaintiff's fourth attempt, and it is due for dismissal, this time with prejudice.

## ARGUMENT

**I.      PLAINTIFF'S CLAIMS AGAINST THE FLORIDA BAR DEFENDANTS ARE BARRED BY ABSOLUTE IMMUNITY.**

The Florida Bar is an official arm of the Florida Supreme Court for the regulation and discipline of attorneys, acting at all times under the supervision and control of that Court. *Dade-Commonwealth Title Ins. Co. v. N. Dade Bar Ass'n*, 152 So. 2d 723, 726 (Fla. 1963); R. Regulating the Fla. Bar Ch. 1, Introduction; R. Regulating Fla. Bar 1-8.1, 2-3.1, 3-3.1 and 3-3.2.  To this end, courts have consistently held that The Florida Bar, its employees, and its agents act as an official arm of the Florida Supreme Court and enjoy absolute immunity from suit in connection with their functions.  *See, e.g., Zavadil v. Fla. Bar,* 197 So. 3d 596, 596-97 (Fla. 4th DCA 2016) ("the Bar has absolute immunity for actions taken within the scope of its authority as an arm of the Florida Supreme Court in the matters of the regulation of attorneys"); *Spano v. Hoffman*, 968 So. 2d 674, 674-75 (Fla. 4th DCA 2007) (employees of The Florida Bar acting according to their official duties in disciplinary matter were absolutely immune from suit); *Cole v. Owens,* 766 So. 2d 287, 288 (Fla. 4th DCA 2000) (authorized "agents" of the Bar have absolute

immunity for their official actions); *Kee v. Baily,* 634 So. 2d 654 (Fla. 3d DCA 1994) ("The Florida Bar and its employees act as an official arm of the Florida Supreme Court and in such capacity enjoy absolute immunity for actions taken within the scope of their duties"); *Mueller v. The Fla. Bar*, 390 So. 2d 449, 452-53 (Fla. 4th DCA 1980) (immunity for "the Bar and its agents" from malicious prosecution claims).

Significantly, federal courts, including the Eleventh Circuit Court of Appeals and Florida district courts, have specifically and consistently found that The Florida Bar and its agents are entitled to absolute immunity regarding attorney disciplinary proceedings.  *See, e.g., Henry v. Harkness,* 701 F. App'x 878, 880  (11th Cir. 2017) ("the Florida Bar Rules establish that officials acting in disciplinary proceedings are agents of the Florida Supreme Court; thus, they are entitled to absolute immunity"); *Cichowski v. Totten,* No. 3:23-cv-1181-TJC-MCR, *3 (M.D. Fla. Jan. 18, 2024) ("The Florida Bar is…'entitled to absolute immunity'") (quoting *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993)); *Ippolito v. State of Fla.*, 824 F. Supp. 1562, 1572 (M.D. Fla. 1993); *Tindall v. The Fla. Bar*, No. 97–387–CIV–T–17C, 1997 WL 689636 at *4 (M.D. Fla. Oct. 14, 1997), *aff'd*, 163 F.3d 1358 (11th Cir. 1998); *Solomon v. Sup. Ct. of Fla.*, No. 03-7002, 2003 WL 1873939 at *1 (D.C. Cir. Apr.

2, 2003).[1]

The Florida Bar Defendants, as recognized by the authority cited above, have absolute immunity from Plaintiff's claims.  And as noted above, any attempt to further amend the Amended Complaint against them would be futile. *Bernstein,* 591 F. Supp. 2d at 470 (dismissing complaint without leave to replead because plaintiff could not overcome immunity defense).  *See also Cole*, 766 So. 2d at 288 (when Florida Bar employees and agents have absolute immunity, the complaint against them cannot be amended to state a cause of action); *O'Halloran v. First Union Nat'l Bank of Fla.,* 350 F.3d 1197, 1206 (11th Cir. 2003) (it is appropriate to dismiss a complaint without leave to amend when it is apparent that amendment would be futile).

Indeed, leave to replead would effectively defeat the purpose of immunity, which has been held to be not merely a defense from liability, but *immunity from suit*:

> [Absolute immunity is] based chiefly upon a recognition of the

---

[1] Likewise, federal courts across the nation have applied absolute immunity to professional regulatory boards and their members including bar-related boards, with respect to the conduct of their disciplinary functions. *E.g., Werle v. Rhode Island Bar Assoc.,* 755 F.2d 195, 198, 200 (1st Cir. 1985); *Clulow v. Okla*., 700 F.2d 1291, 1298 (10th Cir. 1983), *overruled in part on other grounds*, 827 F.2d 675 (10th Cir. 1987); *Slavin v. Curry*, 574 F.2d 1256, 1266 (5th Cir. 1978), *overruled on other grounds*, 604 F.2d 976 (5th Cir. 1979); *Bernstein v. N.Y.,* 591 F. Supp. 2d 448 (S.D.N.Y. 2008);  *Truong v. McGoldrick*, No. 06-1430, 2006 WL 1788960 at *4 (S.D.N.Y. June 17, 2006); *Rosenfeld v. Clark,* 586 F. Supp. 1332, 1340 (D. Vt. 1984), *aff'd*, 760 F.2d 253 (2d Cir. 1985).

> necessity that certain persons, because of their special position or status, should be *as free as possible* from fear that their actions in that position might have an adverse effect upon their own personal interests.  To accomplish this, *it is necessary for them to be protected not only from civil liability, but also from the danger of even an unsuccessful civil action*.

*Cassell v. India,* 964 So. 2d 190, 194 (Fla. 4th DCA 2007) (citing *Fridovich v. Fridovich,* 598 So. 2d 65, 68 (Fla. 1992) (quoting Restatement (Second) of Torts § 584 at 243)) (italics added).  Therefore, the Amended Complaint should be dismissed with prejudice as to the Florida Bar Defendants.

## II.   ELEVENTH AMENDMENT IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE FLORIDA BAR DEFENDANTS.

The Eleventh Amendment to the United States Constitution[2] bars suits against a state in federal court, whether for damages or injunctive relief, in the absence of a waiver by the state of its Eleventh Amendment immunity.  *Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89 (1984); *Edelman v. Jordon,* 415 U.S. 651 (1974). The immunity extends to state agencies and other arms of the state and in this regard the Eleventh Circuit Court of Appeals has expressly held that The Florida Bar is

---

[2]  The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

entitled to Eleventh Amendment immunity. *Henry v. Harkness,* 701 F. App'x 878 (11th Cir. 2017); *Kaimowitz v. The Fla. Bar,* 996 F.2d 1151, 1155 (11th Cir. 1993); *Brown v. The Fla. Bar,* 243 F. App'x 552 (11th Cir. 2007); *Geer v. Harkness,* 134 F. App'x 312, 313 n. 2 (11th Cir. 2005); *Gainsburg v. The Florida Bar,* No. 23-cv-61877-ALTMAN/-Hunt (S.D. Fla. June 13, 2024) ("The Eleventh Circuit has long recognized that the Supreme Court of Florida and the Florida Bar are entitled to Eleventh Amendment immunity"); *see also O'Connor v. The Florida Bar,* 197 F. App'x 741, 743 (10th Cir. 2006). Further, the immunity extends to individual defendants who are agents, officials and officers of a state or an arm of the state. *Manders v. Lee,* 338 Fl. 3d 1304, 1308 (11th Cir. 2003) (to receive Eleventh Amendment immunity, an individual defendant need not be labeled a "state officer" or "state official," but instead need only be acting as an "arm of the State," which includes agents and instrumentalities of the state); *see also Purcell v. Toombs Cnty,* 400 F.3d 1313, 1325-26 (11th Cir. 2005); *Zabriskie v. Court Admin.* 172 F. Appx. 906, 907-08 (11th Cir. 2006).

While the Eleventh Amendment does not prohibit an action against a state official who acted outside the scope of his or her statutory authority, Plaintiff makes no factual allegations demonstrating that the Florida Bar Defendants was acting outside the scope of his official duties or pursuant to unconstitutional authority so as to provide a basis to conclude that Eleventh Amendment immunity does not apply

to him.   Further, there is nothing in the record to show that the Florida Bar Defendants have waived immunity or otherwise consented to suit.  Additionally, neither Congress nor the state has taken any action to abrogate the immunity of The Florida Bar and its employees and agents.

Courts have recognized a narrow exception to Eleventh Amendment immunity in the case of actions seeking only prospective injunctive or declaratory relief to end violations of federal law.  *Fla. Ass'n of Rehab. Facilities v. State of Fla. Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1220 (11th Cir. 2000).  However, such exception does not apply here.  While Plaintiff seeks injunctive relief and a declaratory judgment, he also seeks significant compensatory and punitive damages.

Therefore, the Florida Bar Defendants are entitled to Eleventh Amendment immunity to the extent they are sued in their official capacity.  It is appropriate to dismiss the Amended Complaint on this basis without leave to amend because any attempt at amendment would be futile, *see O'Halloran,* 350 F.3d at 1206, and because, as noted above, this is (at least) Plaintiff's fourth attempt to state claims.

## III.   THE COURT LACKS JURISDICTION TO REVIEW FLORIDA BAR DISCIPLINARY MATTERS.

The Amended Complaint is an attempt by Plaintiff to have the Court oversee Florida Bar disciplinary proceedings.  However, only the Florida Supreme Court or its delegee courts have authority to review the Florida Bar's disciplinary actions or

inactions, and the Florida Supreme Court has not delegated disciplinary review to the federal courts.

The Florida Constitution provides in Article V, Section 15 that the Supreme Court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted.  The effect of Article V, Section 15 is that state circuit courts "now have only such power as has been provided in [the Rules Regulating The Florida Bar]." *Pantori, Inc. v. Stephenson*, 384 So. 2d 1357, 1358 (Fla. 5th DCA 1980).

The Florida Supreme Court has delegated to state circuit courts and The Florida Bar concurrent jurisdiction to initiate and proceed at the evidentiary level with attorney disciplinary actions.  Rule Regulating the Florida Bar 3-3.5 provides:

> The jurisdiction of the circuit courts shall be concurrent with that of The Florida Bar under these Rules of Discipline. The forum first asserting jurisdiction in a disciplinary matter shall retain the same to the exclusion of the other until the final determination of the cause.

*Id.*

Once disciplinary proceedings are completed, the authority to review such proceedings lies *exclusively* with the Florida Supreme Court.  "The Florida Supreme Court has exclusive subject matter jurisdiction to review bar grievance proceedings." *Cole v. Owens* at 288 (remanding for dismissal with prejudice); *see also* R. Regulating Fla. Bar 3-7.7 (placing reviewing authority solely with the Florida

Supreme Court).

And even if Plaintiff did not have a jurisdictional problem, *Younger* abstention would bar his claims.  Attorney disciplinary proceedings are matters of special concern to state sovereignty and judicial self-governance.  Federal courts have consistently recognized that comity principles counsel that strong deference should be given to state bar disciplinary proceedings, and that federal court intervention in such proceedings is disfavored.  *See, e.g., Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434–435 (1982) (holding that federal courts should abstain from interfering with ongoing state attorney disciplinary proceedings where important state interests are at stake and the state proceedings afford adequate opportunity to raise federal claims; so-called "*Younger* abstention," after *Younger v. Harris,* 401 U.S. 37 (1971)).

Plaintiff has not demonstrated that the Florida Supreme Court proceedings against him are incapable of providing him an adequate forum in which to raise his federal constitutional claims.  He offers nothing to justify his proposal that the District Court disregard The Florida Bar disciplinary proceeding against him.

Accordingly, the Amended Complaint is due to be dismissed with prejudice.

## CONCLUSION

Because the Florida Bar Defendants are immune from Plaintiff's fourth

attempt to bring these claims against them under both absolute immunity and the Eleventh Amendment, the Florida Bar Defendants respectfully request dismissal of the Amended Complaint (ECF 13) with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that he has conferred with pro se Plaintiff by email and telephone.  The parties did not agree on the resolution of all or part of the Motion.

Respectfully submitted,

*s/ John Londot*
John Londot, Esq.
Florida Bar Number 579521
GREENBERG TRAURIG, P.A.
101 East College Avenue
Tallahassee, FL 32301
Phone 850-222-6891
londotj@gtlaw.com
hoffmannm@gtlaw.com
tallitdock@gtlaw.com
*Lead Counsel for*
*The Florida Bar Defendants*

15

## CERTIFICATE OF SERVICE

I hereby certify that on this July 31, 2026, I electronically filed the foregoing using the CM/ECF system, which will serve all those registered, including:

Larry Klayman
7050 W. Palmetto Park Rd
Boca Raton FL 33433
Email: leklayman@gmail.com
Phone: 561-558-5336
*Pro Se Plaintiff*

*s/ John Londot*
John K. Londot, Esq.