UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-80531-CIV-SINGHAL

LARRY KLAYMAN,

Plaintiff,

v.

REFEREE J. LEE MARSH, *et al.*,

Defendants.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court upon Defendants' Motion to Vacate Clerk Defaults (the "Motion") (DE [52]). Defendants Canady, Labarga, Muniz, Couriel, Grosshans, Francis, Marsh, Tomasino, and the Supreme Court of Florida (collectively, the "FSC Defendants") move to vacate the Clerk Defaults entered against them on September 3, 2026. (DE [45]). For the reasons discussed below, the Motion is **GRANTED**.

I. BACKGROUND

Plaintiff Larry Klayman ("Mr. Klayman") filed his original Complaint (DE [1]) on May 7, 2026, alleging due process and equal protection violations arising from an attorney discipline proceeding. Considering the number of Defendants in this case, Judge Cannon issued an order on July 30, 2026, to manage the progress of the litigation. (DE [18]). Relevant to this Motion, Judge Cannon's Order established three ground rules: (1) Mr. Klayman must file proof of service within three business days after effectuation of service on any Defendant; (2) no Defendant shall file a response or answer until *all Defendants* have been served; and (3) after proof of service has been filed as to *all Defendants*, Defendants shall file a single response within the time allowed under the Federal Rules of Civil Procedure (measured from the date of the last served Defendant). *Id.*

Those instructions quickly went unheeded. Despite perfecting service on the FSC Defendants on June 30, 2026, Mr. Klayman did not file proof of service until September 2, 2026. (DE [42]). Moreover, the Florida Bar Defendants filed a Motion to Dismiss the Amended Complaint with Prejudice on July 31, 2026, before proof of service had been docketed as to all Defendants. (DE [21]). Mr. Klayman then sought and obtained a Clerk's Entry of Default against the FSC Defendants on September 3, 2026. (DE [43;45]). Notably, proof of service was not docketed as to the last Defendant (Justice Sasso) until September 4, 2026. (DE [47]).

## II. DISCUSSION

The FSC Defendants move to vacate the Clerk Defaults (DE [45]) pursuant to Federal Rule of Civil Procedure 55(c). ("The court may set aside an entry of default for good cause . . . .") They insist that default was premature because (1) they had not been served with the Amended Complaint, and (2) proof of service had not yet been docketed as to all Defendants, as required by Judge Cannon's Order (DE [18]). As to the second point, the Court agrees.

Mr. Klayman responds that it is "black letter law" that a "defendant must serve an answer within twenty-one days after being served with the summons and complaint." (DE [54]) (citing Fed. R. Civ. P. 12(a)(1)(A)(i)). Thus, Mr. Klayman argues that the FSC Defendants' 21-day response period began on June 30, 2026, when they were served with the original Complaint. *Id.* But it is also black letter law that a district court has broad discretion to set filing deadlines and manage its own docket. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). Judge Cannon exercised that discretion when she ordered that no Defendant shall respond to the Complaint until proof of service has been docketed as to all Defendants. (DE [18]). The FSC Defendants will not be penalized for complying with the clear instructions of this Court. The Court therefore finds good cause to set aside the entry of default against the FSC Defendants.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion (DE [52]) is **GRANTED**. The Clerk's Entry of Default (DE [45]), entered September 3, 2026, is **VACATED**. The FSC Defendants and Justice Sasso shall file a responsive pleading to the Amended Complaint (DE [13]) within fourteen (14) days of this Order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of October 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF