UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-80531-CIV-SINGHAL

LARRY KLAYMAN,

Plaintiff,

v.

REFEREE J. LEE MARSH, *et al.*,

Defendants.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration on Order Denying Motion for Leave to File Electronically. (DE [56]). On August 11, 2026, Plaintiff moved for leave to file documents electronically through CM/ECF as a *pro se* litigant. (DE [27]). The Court denied that request in accordance with Section 2C of the CM/ECF Administrative Procedures for the Southern District of Florida. (DE [40]). That section reads, *in its entirety*, as follows:

> Pro se litigants will not be permitted to register as Users at this time and must file their documents in the conventional manner. Pro se litigants may access the electronic record at the public counter in the Clerk's Office in all divisions or through PACER. Pro se litigants will be served and noticed by U.S. mail or in person (or, if agreed, by e-mail), unless there is consent to receive notices electronically as indicated below.
>
> Pro se litigants (non-prisoner) interested in receiving notices electronically must file the form "Consent by Pro Se Litigants (Non-Prisoner) to Receive Notice of Electronic Filing" which can be found on the Court's website (http://www.flsd.uscourts.gov/forms/consent-pro-se-litigant-non-prisoner-receive-nefs). After filing the consent, pro se litigants will receive case orders, notices and other documents filed via email. Paper copies of filings will no longer be sent by the Court or opposing counsel in that particular case. Note: Pro se litigants who consent to receiving notices electronically are responsible for maintaining a current email address with the Court (See Section 3D).

Plaintiff now moves for reconsideration of that Order, insisting that the Court "conveniently omitt[ed]" a portion of the text that allows *pro se* litigants to file electronically when "allowed by court order or by local rule." (DE [56] p.1). But as the above reproduction of Section 2C makes clear, and as Plaintiff would have realized had he bothered to look, the Administrative Procedures no longer contain that exception. Section 2C simply states that *pro se* litigants must file in the conventional manner.

Yet even if the Administrative Procedures allowed for electronic filing when authorized by court order, the Court is not inclined to do so here. The only reasons Plaintiff provides for requiring electronic filing access are cost and convenience – reasons equally applicable to every *pro se* litigant. Thus, despite his concern "as to how this Court views this case,"[1] Plaintiff can rest assured that the Court views the case as it does all others and will treat it accordingly. It is therefore

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration on Order Denying Motion for Leave to File Electronically (DE [56]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 16th day of October 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

[1] Plaintiff writes "This is why just about every single judge who Mr. Klayman has appeared in front of on a pro se basis has granted electronic filing" and doubles down and writes "Mr. Klayman therefore is concerned as to how this Court views this case given its refusal to grant such a reasonable request as a myriad of other courts have." Perhaps it would benefit the Bar if Mr. Klayman and others were concerned as to how "a myriad of other courts" have failed to follow the plain meaning of a relatively simple rule apparently to benefit Mr. Klayman at the expense of other pro se litigants who aren't afforded this privilege.